UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVELO AIRLINES, INC., ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> NATIONAL MEDIATION BOARD, ) <br> ) <br> *Defendant.* ) <br> ) | Civil Action No. 22-0562 (EGS) |

## ANSWER

Defendant, National Mediation Board ("NMB" or "Board"), hereby answers Plaintiff's Amended Complaint, ECF No. 14. Defendant denies each allegation of the Amended Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Amended Complaint as follows:

1. The allegations contained in the first portion of Paragraph 1 purport to characterize the Railway Labor Act ("RLA"), which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the statute. The remainder of the allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PARTIES [1]

2. Defendant admits that Avelo is a common carrier by air within the meaning of RLA Section 201, 45 U.S.C. § 181. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3. The allegations contained in the first and second sentences of Paragraph 3 purport to characterize a website which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the website. Defendant admits that on January 25, 2022, Deirdre Hamilton (Democrat) was sworn in as the third member of the Board, joining incumbent members Linda Puchala (Democrat) and Gerald W. Fauth, III (Republican). Defendant denies the remaining allegations in Paragraph 3.

4. The allegations contained in Paragraph 4 purport to characterize a statute, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the statute.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction under 28 U.S.C. § 1331.

6. The allegations contained in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court under 28 U.S.C. § 1391(e).

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations concerning Defendant, those allegations are denied.

## STATEMENT OF FACTS

### The RLA Guarantees that a Majority of a Craft or Class has the Right to Determine Whether to be Represented by a Union

7. The allegations contained in Paragraph 7 purport to characterize the RLA, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the statute.

8. The allegations contained in Paragraph 8 purport to characterize the RLA and a portion of the Code of Federal Regulations, which speak for themselves and are the best evidence of their contents. Defendant denies the allegations to the extent they are inconsistent with the statute and the regulations.

9. The allegations contained in Paragraph 9 purport to characterize the RLA and Board decisions, which speak for themselves and are the best evidence of their contents. Defendant denies the allegations to the extent they are inconsistent with the statute and the Board decisions.

10. The allegations contained in Paragraph 10 purport to characterize the RLA and a Board manual, which speak for themselves and are the best evidence of their contents. Defendant denies the allegations to the extent they are inconsistent with the statute and the manual.

11. The allegations contained in Paragraph 11 purport to characterize a Board manual, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the manual.

12. The allegations contained in Paragraph 12 purport to characterize several Board decisions, which speak for themselves and are the best evidence of their contents. Defendant denies the allegations to the extent they are inconsistent with the Board decisions.

13. The allegations contained in Paragraph 13 purport to characterize the RLA, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the statute.

14. Defendant admits the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

### Avelo's Beginning and Growth

16. The allegations contained in Paragraph 16 purport to characterize a website which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the website.

17. The allegations contained in Paragraph 17 purport to characterize a website which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the website.

18. The allegations contained in Paragraph 18 purport to characterize a website which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the website.

### The AFA Applies to Represent Avelo's Flight Attendants

19. Defendant admits the allegations contained in the first sentence of Paragraph 19. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 19.

20. Defendant admits the allegations contained in Paragraph 20.

21. Defendant admits the allegations contained in Paragraph 21.

22. Defendant admits that by early January 2022, based on information provided by Avelo to the NMB during its investigation of AFA's application, 12 of the 32 Flight Attendants

on the eligibility list were no longer employed by Avelo. Defendant admits that 20 of the 32 Flight Attendants would have been eligible to vote based on the September 30, 2021 eligibility cut-off date. Defendant denies the remaining allegations contained in Paragraph 22.

### Avelo Requests that the NMB Modify the Eligibility Cut-off Date

23. Defendant admits that on January 10, 2022 Avelo requested that the Board modify the September 30, 2021 cut-off date. The remaining allegations in Paragraph 23 purport to characterize documentation Plaintiff submitted to the Board which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the documentation.

24. The allegations contained in Paragraph 24 purport to characterize documentation Plaintiff submitted to the Board which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the documentation.

25. Defendant admits that AFA opposed Plaintiff's request to adjust the September 30, 2021 eligibility cut-off date. The remaining allegations contained in Paragraph 25 purport to characterize AFA's opposition, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with AFA's opposition.

### The Board Authorizes an Election Among a Clear Minority of Avelo's Flight Attendants

26. Defendant admits the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the Board decision.

28. The allegations contained in Paragraph 28 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the Board decision.

29. The allegations contained in Paragraph 29 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the Board decision.

30. The allegations contained in Paragraph 30 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the Board decision.

31. Defendant admits it authorized an election using the September 30, 2021 eligibility cut-off date and that the voting period began on March 2, 2022, the date on which the Board mailed ballots to eligible voters. Defendant denies the remaining allegations contained in Paragraph 31, which purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the Board decision.

**The Board Again Refuses to Modify the Cut-Off Date Despite Turnover of More Than 50 Percent of the Craft or Class**

32. The allegations contained in Paragraph 32 purport to characterize letters which speak for themselves and are the best evidence of their contents. Defendant denies the allegations to the extent they are inconsistent with the letters.

33. The allegations contained in Paragraph 33 purport to characterize a letter which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the letter.

34. The allegations contained in Paragraph 34 purport to characterize a letter which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the letter.

### **The Board Certifies the AFA, and the Union Immediately Demands to Bargain**

35. The allegations contained in Paragraph 35 purport to characterize the Board's certification of AFA as the representative of Avelo's Flight Attendants, a document which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the certification.

36. The allegations contained in Paragraph 36 purport to characterize a letter which speaks for itself and is the best evidence of its contents. Defendant denies the allegations to the extent they are inconsistent with the letter.

### **The Board's Decisions Grossly Violate the RLA's Majority Participation Requirement**

37. Defendant denies the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 are legal conclusions to which no response is required.

39. The allegations contained in Paragraph 39 are legal conclusions to which no response is required.

### **CLAIM FOR RELIEF**

### **Count I:**
### **Declaratory and Injunctive Relief Based on the Board's Gross Violation of the RLA**

40. Defendant incorporates its responses to paragraphs 1–39 as if set forth fully herein.

41. Defendant denies the allegations contained in Paragraph 41 and denies any violation of law.

42.     Defendant denies the allegations contained in Paragraph 42 and denies any violation of law.

## PRAYER FOR RELIEF

The remaining portions of the Amended Complaint contain Plaintiff's request for relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Amended Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

The Board's February 15, 2022 decision is not a gross violation of the RLA.

Dated: May 9, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
IL Bar #6279766
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street N.W.
Washington, D.C. 20530
Telephone: (202) 252-2550
dedra.curteman@usdoj.gov

*Counsel for Defendant*