**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| AVELO AIRLINES, INC., | ) |
|  | ) |
|      Plaintiff, | ) |
|  | ) |
| v. | )     Case No. 1:22-cv-00562-EGS |
|  | ) |
| NATIONAL MEDIATION BOARD, | ) |
|  | ) |
|      Defendant. | ) |
_____)

**ANSWER OF ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO
TO FIRST AMENDED COMPLAINT**

Intervening Defendant Association of Flight Attendants-CWA, AFL-CIO ("AFA")

through undersigned counsel, answers Plaintiff Avelo Airlines, Inc.'s ("Avelo") First Amended

Complaint as follows:

1.      The allegations of paragraph 1 are introductory remarks, legal conclusions, and

Avelo's characterization of actions to which no response is required, but to the extent a response

is required, AFA denies the allegations.

2.      AFA admits that Avelo is a common carrier by air within the meaning of RLA

Section 201, 45 U.S.C. § 181. AFA lacks information sufficient to form a belief about the truth

of the allegations in the remainder of paragraph 2, and therefore denies the allegations.

3.      AFA admits the allegations of paragraph 3.

4.      AFA admits the allegations of paragraph 4 regarding the language of RLA

Section 2, Fourth, 45 U.S.C. § 152, Fourth. AFA denies the allegations of the remainder of

paragraph 4.

5.      The allegations of paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, AFA denies that this Court has subject matter jurisdiction over this matter.

6.      AFA admits the allegations of paragraph 6.

7.      AFA admits the allegations of paragraph 7.

8.      The allegations of paragraph 8 are legal conclusions to which no response is required.

9.      The allegations of paragraph 9 are legal conclusions to which no response is required.

10.      The allegations of paragraph 10 are legal conclusions to which no response is required.

11.      The allegations of paragraph 11 are legal conclusions to which no response is required.

12.      The allegations of paragraph 12 are legal conclusions to which no response is required.

13.      AFA admits the allegations of paragraph 13.

14.      AFA admits the allegations of paragraph 14.

15.      AFA admits that in about late 2021 or early 2022 the NMB ceased electronic balloting. AFA lacks information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 15, and therefore denies the allegations.

16.      AFA admits that Avelo maintained a base in Burbank, California as of April 2021. AFA lacks information sufficient to form a belief about the truth of remainder of the allegations of paragraph 16, and therefore denies the allegations.

17.     AFA lacks information sufficient to form a belief about the truth of the allegations of paragraph 17, and therefore denies the allegations.

18.     The allegations of paragraph 18 are Avelo's characterization of actions, including its corporate culture, to which no response is required, but to the extent a response is required, AFA denies the allegations.

19.     AFA admits the allegations of paragraph 19 that it filed an Application with the NMB on October 12, 2021, seeking a representation election among Avelo's Flight Attendants. AFA lacks information sufficient to form a belief about the truth of the remainder of the allegations of paragraph 19, and therefore denies the allegations.

20.     AFA admits the allegations of paragraph 20.

21.     AFA lacks information sufficient to form a belief about the truth of the allegations of paragraph 21, and therefore denies the allegations.

22.     AFA denies the allegations of paragraph 22 regarding "significant turnover" occurring among Avelo's Flight Attendants. AFA admits the remainder of the allegations of paragraph 22.

23.     AFA admits Avelo sent a letter to the NMB on January 10, 2022, and refers the Court to that letter for its full contents. AFA denies the remainder of the allegations of paragraph 23.

24.     The allegations contained in paragraph 24 purport to characterize documentation Avelo submitted to the Board which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the documentation.

25.     AFA admits that it opposed Avelo's request to change the eligibility cut-off date. AFA denies the remainder of the allegations of paragraph 25.

3

26.     AFA admits the allegations of paragraph 26.

27.     The allegations contained in paragraph 27 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the Board decision.

28.     The allegations contained in paragraph 28 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the Board decision.

29.     The allegations contained in paragraph 29 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the Board decision.

30.     The allegations contained in paragraph 30 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the Board decision.

31.     AFA admits that the Board authorized an election using the September 30, 2021 eligibility cut-off date and that the voting period began on March 2, 2022, the date on which the Board mailed ballots to eligible voters. The remaining allegations contained in paragraph 31 purport to characterize the Board's decision which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the Board decision.

32.     AFA lacks information sufficient to form a belief about the truth of the allegations of paragraph 32 regarding the status of Flight Attendants on the eligibility list, and therefore denies the allegations. The remainder of the allegations contained in paragraph 32 purport to characterize letters between Avelo and the Board which speak for themselves and are the best

evidence of their contents. AFA denies the allegations to the extent they are inconsistent with the letters.

33.     The allegations contained in paragraph 33 purport to characterize a letter from Avelo to the Board which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the letter.

34.     The allegations contained in paragraph 34 purport to characterize a letter from the Board which speaks for itself and is the best evidence of its contents. AFA denies the allegations to the extent they are inconsistent with the letter.

35.     AFA admits the allegations of paragraph 35 and avers that the Board's Certification speaks for itself.

36.     AFA admits the allegations of paragraph 36.

37.     AFA denies the allegations of paragraph 37.

38.     AFA denies the allegations of paragraph 38.

39.     The allegations of paragraph 39 are legal conclusions to which no response is required.

40.     AFA hereby restates its responses above regarding paragraphs 1 to 39.

41.     AFA denies the allegations of paragraph 41.

42.     AFA denies the allegations of paragraph 42.

AFA denies the allegation of the "PRAYER FOR RELIEF" paragraph and further denies that Plaintiff is entitled to judgment or any recovery whatsoever in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks subject-matter jurisdiction over this action.

### **Second Affirmative Defense**

Plaintiff has failed to exhaust administrative remedies.

### **Third Affirmative Defense**

Plaintiff's request for relief is barred by the equitable doctrine of unclean hands.

### **Fourth Affirmative Defense**

AFA shall rely upon all lawfully available proper defenses that the evidence reveals, and reserves the right to assert such additional affirmative defenses as may become apparent through discovery hereinafter.

WHEREFORE, AFA respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, award AFA its costs in this matter, and allow AFA such other and further relief as this Court deems just and proper.

Dated: June 6, 2022                              Respectfully submitted,

                                                 /s/ *John J. Grunert*
                                                 Jeffrey A. Bartos,  D.C. Bar No. 435832
                                                 John J. Grunert, D.C. Bar No. 1019791
                                                 Guerrieri, Bartos & Roma, P.C.
                                                 1900 M Street, NW, Suite 700
                                                 Washington, DC 20009
                                                 202-624-7400
                                                 jbartos@geclaw.com
                                                 jgrunert@geclaw.com

                                                 *Counsel for AFA*

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2022, I electronically filed the foregoing

Answer to the First Amended Complaint with the Clerk of the Court by using the CM/ECF

System and thus electronically served all parties.


 /s/ *John J. Grunert*_____
John J. Grunert, D.C. Bar No. 1019791

*Counsel for AFA*